UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| LISA ANN CHAFFEE,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:25-CV-387 |

**MEMORANDUM OPINION AND ORDER**

On December 22, 2025, Plaintiff Lisa Ann Chaffe ("Claimant") brought this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security. [Doc. 1]. Upon consent of the parties pursuant to 28 U.S.C. § 636(c), this Court has jurisdiction over this matter through entry of final judgment. [Doc. 11].

## I. APPLICABLE LAW – STANDARD OF REVIEW

A review of the Commissioner's findings is narrow. The Court is confined to determining (1) whether substantial evidence supported the factual findings of the ALJ and (2) whether the Commissioner conformed to the relevant legal standards. 42 U.S.C. § 405(g); *see Brainard v. Sec'y of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence" is evidence that is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support the challenged conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn is one of fact. *LeMaster v. Sec'y of Health & Human*

*Servs.,* 802 F.2d 839, 841 (6th Cir. 1986). A court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Even if a court were inclined to resolve factual issues differently, the decision must stand if substantial evidence supports it. *Listenbee v. Sec'y of Health & Human Services,* 846 F.2d 345, 349 (6th Cir. 1988). At the same time, a decision supported by substantial evidence "will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007).

A claimant must be under a "disability" as defined by the Act to be eligible for benefits. "Disability" includes physical and mental impairments that are "medically determinable" and so severe as to prevent the claimant from (1) performing her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. 42 U.S.C. § 423(a). A five-step sequential evaluation applies in disability determinations. 20 C.F.R. § 404.1520. Review ends with a dispositive finding at any step. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Those steps are as follows:

1. Has the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Part 404, Subpart P, Appendix 1?
4. Considering the claimant's [Residual Functional Capacity], can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work — and also considering the claimant's age, education, past work experience, and RFC — do significant numbers of other jobs exist in the national economy which the claimant can perform?

*See* 20 C.F.R. § 404.1520.

A claimant bears the burden of establishing benefits entitlement by proving the existence of a disability. *See Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). If a claimant meets that burden in steps one through four of the analysis set forth above, at step five, the burden shifts to the Commissioner to establish a claimant's ability to work. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990). In conducting its review of the ALJ's decision, the Court may consider any evidence contained in the record regardless of whether it was cited by the ALJ. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d. 528, 535 (6th Cir. 2001).

## II. PROCEDURAL AND FACTUAL OVERVIEW

Claimant filed her Brief in Support [Doc. 12] on March 25, 2026, in which she asserts that the Administrative Law Judge ("ALJ") erred by 1) erroneously determining that Claimant had constructively waived her right to participate in the hearing, 2) acknowledging the fact that the record was inadequate while refusing to develop it, and 3) improperly relying on Claimant's alleged noncooperation to justify refusing to reset Claimant's hearing and to send her for a consultative examination. [Doc. 12, p. 5]. Claimant contends that these errors then culminated in a Step Two denial by the ALJ which was not supported by substantial evidence. *Id.* More specifically, Claimant argues that she did not waive her right to participate in the hearing because she timely filed her application, pursued reconsideration, timely requested a hearing, including asking on two occasions that the hearing be conducted telephonically, and remained represented throughout the proceedings.

*Id.* at 7. Further, Claimant asserts that the ALJ failed in her duty to develop the record and order a consultative examination, especially in light of the ALJ's concession that the record was inadequate. *Id.* at 9. Claimant contends that the ALJ was not relieved of her duty even if Claimant was allegedly uncooperative given that Claimant only missed one phone call and may not have received the agency's communications due to address inconsistences. *Id.*

On June 1, 2026, the Commissioner filed a response [Doc. 15], arguing that substantial evidence supported the ALJ's opinion and that the ALJ met her obligations under applicable law. The Commissioner asserts that the ALJ reasonably found Claimant constructively waived her right to participate in the hearing because failing to find a means of transportation did not constitute good cause. *Id.* at 4. While Claimant relies on her request on two occasions for a telephone hearing to support her argument that she did not waive her right to participate, under POMS HA 01230.012A, the agency is not required to consider an objection to an in-person hearing and Claimant was not entitled to a hearing by telephone. *Id.* at 5. As to Claimant's substantive claims, the Commissioner points out that Claimant submitted no medical opinion or treatment evidence suggesting a physical impairment that imposed work-related limitations during the relevant time period for her claim, i.e., Claimant's August 10, 2023, application date through her March 7, 2025, hearing date before the ALJ. *Id.* at 5, 7–8. Finally, the Commissioner argues that the ALJ properly used her discretion to decline the request by Claimant's counsel for Claimant to be provided with a consultative examination because Claimant had failed to cooperate throughout the process of applying for disability benefits and failed to appear for her hearing. *Id.* at 6.

The Court will now address the issues raised by Claimant in the context of the parties' filings and the record in this matter. The Court initially set this matter for oral argument, but the parties asked the Court to waive argument, and the Court granted their request. [Docs. 34, 35]. Although

the Court set the matter for hearing to announce its ruling from the bench, the Court has now determined that judicial economy will best be served by the Court setting out its ruling in full in a written order.

## III. ANALYSIS

As noted above, the issues for review here are whether the ALJ failed to afford Plaintiff a full and fair hearing and failed to perform her duty to adequately develop the record, which ultimately resulted in the ALJ improperly denying Claimant's claim at Step Two. [Doc. 12, p. 1]. The Court will start by addressing Claimant's contention that the ALJ failed to adequately develop the record in this matter.

Without question, the ALJ has a basic obligation to develop a full and fair record. *Lashley v. Secretary of Health and Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) ("The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits.") (noting that even where the ALJ fails to fully develop the record, reversal is only appropriate where the claimant shows he was prejudiced); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). In *Ripley*, the court reversed and instructed the ALJ "to obtain a report from a treating physician regarding the effects of [Claimant's] back condition upon his ability to work" after the back condition was established through medical evidence submitted by claimant. *Id.* at 557–58.

On the other hand, courts have consistently held that the "claimant has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. § 423(d)(1)(A)." *Born v. Secretary of Health & Human Services*, 923 F.2d 1168, 1173 (6th Cir. 1990); *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007); 42 U.S.C. § 423(d)(5) (Supp. 2001) ("An individual shall not be considered to be under a disability unless he furnishes such

medical and other evidence of the existence thereof as the Secretary may require."); 20 C.F.R. § 404.1512(a)(2) (2017) ("The evidence in your case record must be complete and detailed enough to allow us to make a determination or decision about whether you are disabled or blind. It must allow us to determine—(i) The nature and severity of your impairment(s) for any period in question."); 20 C.F.R. § 404.1512(a)(1) (2017) ("You must inform us about or submit all evidence known to you that relates to whether or not you are blind or disabled. . . . We will consider only impairment(s) you say you have or about which we receive evidence.").

In considering whether the ALJ met her duty to develop the record in the case at hand, the Court finds that the Sixth Circuit's decision in *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) is instructive, even though not on all fours with the instant matter. In that case, the court held that the ALJ adequately developed the record, although he declined to order a consultative exam, when the following information was considered: (1) one-page letter authored by the claimant's treating physician stating that claimant suffered from heart enlargement, coronary artery disease, generalized arthritis, conversion reaction psychosis, and obesity, concluding that claimant "is not able to be gainfully employed[]"; (2) another one-page report issued by another doctor who "saw plaintiff sixty-six times" and concluded that he was "totally and permanently disabled" from angina pectoris[]"; and (3) a letter stating from yet a third provider who treated claimant, stating that "[t]here is no evidence of disability of any kind today." *Id.* at 213–14. The ALJ found the third physician's opinion more persuasive because neither of Claimant's other treating physicians provided supporting medical documentation and the third physician's opinion was supported by clinical findings. *Id.* While claimant insisted that she was deprived of a full and fair hearing because the ALJ refused to order a consultative examination to assess her cardiovascular functioning, the court observed that "the regulations do not require an

ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." *Landsaw*, 803 F.2d at 214 (citing 20 C.F.R. § 416.917(a)); *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989) (holding that an ALJ's duty to develop the record "does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision. The decision to require such an examination is within the discretion of the ALJ.")[1] (affirming where claimant never listed intellectual disabilities in her request for benefits but never requested an intelligence test be performed). The Sixth Circuit has further held that while an ALJ has the affirmative duty to develop the factual record, the ALJ need not "seek out a physician's medical opinion where one is not offered[,]" and where it appears none exists. *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015).

Here, Claimant relies heavily on *Lashley*, 708 F.2d at 1051 in support of her assertion that the ALJ failed to fulfill her "basic obligation" to develop a full and fair record. While Claimant correctly asserts that *Lashley* stands for the proposition that an ALJ has an obligation to develop a full and fair record, the Court cannot overlook how different the facts in *Lashley* are from those at issue in the case at hand. *Id.* In *Lashley*, the claimant was proceeding pro se and had suffered a stroke. *Id.* at 1050–51. All of claimant's treating physicians had opined that he was permanently disabled because of the stroke's effects. *Id.* The court concluded that under those unique circumstances, the ALJ has a "special" or "heightened" duty to develop the record because claimant was unfamiliar with the hearing procedures, suffered from some form of mental incapacity, and there was conflicting evidence on the record. *Id*. The evidence from the treating

[1] Fully adopted by Sixth Circuit in *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 214 (6th Cir. 1986).

physicians conflicted with the conclusions of the consultative examiners. At the hearing, claimant was questioned only superficially about his ability to perform work and was not questioned at all about why he had been fired after only three days at his last place of employment. *Id.* at 1052–53. The court held that the record was not sufficiently developed as a result. *Id.*

In contrast, in *Born*, 923 F.2d at 1172, the Sixth Circuit held that where there was no discrepancy in the record concerning the objective evidence of claimant's alleged disability and no evidence his mental ability was impaired, the ALJ was not required to extensively question the claimant in order to adequately develop the record. Similarly, in *Moats v. Commissioner of Social Security*, the court held that where the claimant understood the hearing's procedures and evidentiary burden well, the ALJ adequately developed the record. 42 F.4th 558, 564 (6th Cir. 2022) ("His preparation for the hearing—reviewing and supplementing his case file—indicates that he understood his evidentiary burden as well."). The Sixth Circuit has been hesitant to extend the ALJ's "special duty" to develop the record beyond the facts presented in *Lashley*. *Id.* at 563 ("He derives that rule from our decision in *Lashley v. Secretary of Health* & *Human Services*, 708 F.2d 1048, 1051 (6th Cir. 1983), which suggested that an ALJ has a 'special duty' to develop the record 'where the claimant appears without counsel.' By way of published decisions, however, we have done little to build upon whatever foundation *Lashley* laid some 40 years ago. Indeed, Moats fails to cite any other published case from our Court that has imposed *Lashley*'s 'special duty' on Social Security ALJs.").

Although not binding on the Court, the Court finds the analysis in two out-of-circuit cases to be of benefit in analyzing the issues presented by Claimant. In *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001), the court affirmed the ALJ when the claimant "did not provide the ALJ with any medical evidence indicating that she had herniated discs until after the ALJ Hearing."

Under these conditions, the "ALJ had no duty" to diagnose this issue. *Id.* ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). The court further held that the ALJ did not err by refusing to further develop the record to establish the claimant's back condition, even if he would have then found her disabled. *Id.* At 461.

In *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995), the court held that the ALJ did not err by not considering a mental impairment when he was not presented with sufficient evidence of its existence. The court reasoned that the "ALJ's duty to investigate [] does not extend to possible disabilities that are not alleged by claimant or to those disabilities that are not clearly indicated on the record." *Id.* Since the claimant did not raise an issue of mental impairment, it was not before the ALJ for development. *Id.* While the record had some references to claimant's anxiety, stress, and depression, these comments were only "isolated and [Claimant] was not treated for them." *Id.*

In applying the above, the ALJ has a basic obligation to develop the record. *See Lashley*, 708 F.2d at 1051. However, that obligation is balanced by the fact that the "claimant has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. § 423(d)(1)(A)." *Born*, 923 F.2d at 1173. Further, even if ALJs in this circuit are deemed to still have a "heightened" duty to develop the record in some cases, because Claimant was represented by counsel, who presumptively knows the procedures and evidentiary rules, the ALJ here had no such heightened duty. *Lashley*, 708 F.2d at 1051. Moreover, the ALJ has no duty to seek out a medical opinion that is not offered, *Brown*, 602 F. App'x at 331, nor to refer a claimant to a consultative examination unless the evidence on the record is insufficient. *Landsaw*, 803 F.2d at 214.

Given that Claimant had the responsibility to "submit all evidence" that relates to whether she is disabled and the Commissioner is only required to consider impairments Claimant says she has or about which she provided evidence, the Court cannot find that the ALJ here was required to further develop the medical evidence in this matter. 20 C.F.R. § 404.1512(a)(1)(2017). Claimant filed her most recent application for disability benefits on August 10, 2023, after being previously denied benefits on December 4, 2012. Claimant made three assertions in her Disability Report regarding why she was unable to work: (1) Heart-can only do small tasks, (2) had heart attack, and (3) blood clot. (Tr. 243). The only medical evidence in the record addressing these issues were generated during Claimant's 2021 admission to Cookeville Regional Medical Center where she underwent a stenting procedure that was described as a "successful" operation and after which she apparently received no follow up treatment. (Tr. 344, 351). Hypertension, nicotine abuse, and alcohol abuse were also diagnosed in October 2021, but there was no evidence that these conditions persisted within the claim period. (Tr. 344). Claimant's medical evidence also included a record from an emergency room visit to Cookeville Regional Medical Center on June 12, 2021, where she was treated for abdominal pain. (Tr. 328). Claimant did complain of back pain during this emergency room visit, but then her back was noted to be unremarkable in October 2021 when she was hospitalized following her heart attack. (Tr. 347). When he appeared for Claimant's scheduled hearing, Claimant's counsel confirmed that "the medical evidence [contained in the record] was complete" and did not suggest that any medical records covering the relevant time period existed. (Tr. 25). While a consultative exam was requested, it was denied because the Claimant had failed to cooperate with developing the record in her case. *Id*.

In considering Claimant's possible impairments, the ALJ appears to have given her every benefit of the doubt by considering past evidence of Claimant's mental health issues and her 2012

and 2021 emergency room records where she was treated, at least in part, for back pain, even though Claimant did not assert that these conditions were contributing to her inability to work as of her 2023 application. (Tr. 26). The ALJ also fully considered Claimant's assertion that she was currently disabled as a result of a heart condition and blood clot; however, Claimant's medical records demonstrated that those conditions were successfully treated. No evidence of any other impairments was introduced for the relevant period. Under these circumstances, the medical information before the ALJ was sufficient to address the conditions she asserted were disabling her and the ALJ even considered conditions that Claimant did not reference. The ALJ was not under a duty to further investigate Claimant's health conditions and attempt to obtain a diagnosis for conditions Claimant did not raise. Moreover, it was Claimant who had the duty to present evidence that was complete and detailed enough to allow the ALJ to determine "[t]he nature and severity of [her] impairment(s) for *any period in question*." 20 C.F.R. § 404.1512(a)(2) (2017) (emphasis added). Given Claimant's failure to provide any details about how her alleged medical impairments impacted her functioning and the lack of medical record evidence she offered, the Court concludes that the ALJ did not err in refusing to order a consultative examination both because the record contained sufficient evidence to address Claimant's alleged disabling conditions and because Claimant failed to adequately place the issue of any other disabilities before the ALJ.

The Court now turns to Claimant's argument that the ALJ erred in refusing to reschedule her hearing. As a general rule, the Court would find it to be harmful error for an ALJ to refuse to reschedule a hearing where Claimant's counsel appears and provides a reasonable explanation for why Claimant was unable to be present. This is especially true where Claimant had twice requested that her hearing be held by telephone, but the ALJ had refused to grant that request. Although as

the Commissioner rightly points out, the ALJ was within her rights under applicable law to refuse Claimant's request, given the volume of telephonic hearings held by ALJs across the country and Claimant's struggle with arranging for transportation, the ALJ's refusal to grant Claimant's request for a telephonic hearing in the first instance is somewhat puzzling. Under most circumstances, the ALJ's refusal to grant Claimant's request for a telephonic hearing would further incline the Court to find that the ALJ committed reversible error in then refusing to reschedule Claimant's in-person hearing when she was unable to appear due to transportation issues.

Despite these observations, the Court must consider the ALJ's refusal to reschedule Claimant's hearing in context. As noted above, Claimant utterly failed to meet her burden to place sufficient evidence of her medical impairments before the ALJ, and the ALJ rightly found that as a result, Claimant's presence and testimony were not critical to the disposition of her claim. (Tr. 21). This is especially true when Claimant's counsel appeared and advocated for Claimant, including making a request for Claimant to be afforded a consultative exam. After considering the full record in this matter and applicable law, the Court finds that in light of the late in time request for Claimant to receive a consultative exam, Claimant's complete lack of medical treatment during the claim period, and Claimant's failure to provide any detail about how her purported medical impairments impact her functioning, the ALJ did not commit reversible error by refusing to reschedule Claimant's hearing.

## IV. CONCLUSION

For the reasons detailed above, the Court has determined that substantial evidence supported the ALJ's decision and that she conformed to the relevant legal standards. More specifically, the ALJ adequately developed the record and did not err in refusing to reschedule Claimant's hearing. Accordingly, the Court **DENIES** the relief requested in Claimant's Complaint and Brief [Docs. 1,

12] and **AFFIRMS** the final decision of the agency. 42 U.S.C. § 405(g); *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Because the Court has now issued its opinion in writing in this matter, the hearing set to take place on September 3, 2026, at 1:30 p.m. for the purpose of the Court issuing its ruling from the bench in this matter is **CANCELLED**.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge